UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GARY LEE BUDAU, § | |
|     *Petitioner*, § | |
| § | |
| v. § | CIVIL ACTION NO. 4:10-CV-03110 |
| § | |
| RICK THALER, Director of the Texas § | |
| Department of Criminal Justice - § | |
| Correctional Institutions Division, § | |
|     *Respondent.* § | |

## MEMORANDUM AND RECOMMENDATION

This habeas corpus case is before the court on respondent Rick Thaler's motion for summary judgment.[1] The court recommends the motion be granted.

## Background

On July 19, 1978, petitioner Gary Lee Budau pled guilty to two charges of burglary and sentenced to two concurrent twelve year sentences in the 226th District Court of Bexar County, Texas (cause nos. 78-CR-1301 and 78-CR-1302).[2] Budau began serving his sentence on February 19, 1978, and was released on mandatory supervision on July 12, 1983.[3] On September 23, 1983, Budau's mandatory supervision was revoked and he was returned to custody.[4] On December 23,

---

[1] Dkt. 17.

[2] Dkt. 12, at 118–119 (SHCR-03, at 102–03); Dkt. 12-7, at 48–49 (SHCR-02, at 142–143). An account of Budau's conviction's appellate history is unnecessary, as his habeas corpus petition challenges the execution of his sentence.

[3] Dkt. 12, at 143 (SHCR-03, at 138).

[4] *Id.*

1986 he was again released on mandatory supervision.[5] A pre-revocation warrant was issued on March 4, 1987, and was executed more than ten years later on July 6, 2008.[6] Budau was returned to custody on July 24, 2008.[7]

On October 16, 2009, December 14, 2009, and April 12, 2010, Budau filed state applications for writs of habeas corpus.[8] The Texas Court of Criminal Appeals denied all of the applications without written order.[9] On August 25, 2010, Budau filed the instant federal habeas corpus petition.[10]

## Analysis

Budau's petition is subject to review under the Anti-terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320, 336 (1997)) (§ 2254 actions filed after AEDPA's April 24, 1996 effective date are governed by AEDPA). Under AEDPA, a petition for habeas relief filed by a person in state custody is subject to a one-year period of limitations which runs from the latest of:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[5] Dkt. 12, at 143–44 (SHCR-03, at 138–39).

[6] *Id.* at 169.

[7] *Id.*

[8] Dkt. 12, at 6–102 (SHCR-03, at 1–97); Dkt. 12-6, at 7–34 (SHCR-02, at 1–28).

[9] Dkt. 12, at 2 (SHCR-03, at cover); Dkt. 12-5, at 2 (SHCR-01, at cover); Dkt. 12-6, at 2 (SHCR-02, at cover).

[10] Dkt. 1, at 9.

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Where a petitioner's claim would otherwise be time-barred prior to April 24, 1996 (AEDPA's effective date), the petitioner has until April 24, 1997 to file his federal habeas petition. *Flanagan*, 154 F.3d at 200.

**1.      Budau's First Habeas Claim**

Budau claims that his right against double jeopardy was violated when in 1984 he was informed he had served his time and was released, and then arrested in 1986 and returned to the Texas Department of Corrections. Here, the factual predicate of Budau's claim could have been discovered by the exercise of due diligence in 1986—when he was arrested. Thus under *Flanagan*, Budau had until April 24, 1997 to file his federal habeas petition. Since his federal petition was not filed until August 25, 2010, his claim is time-barred absent statutory or equitable tolling.

AEDPA's tolling provision states: "The time during which a properly filed application for State post-conviction of other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2). Since no state habeas corpus applications were filed between April 24, 1996 and April 24, 1997, Budau's claims are not entitled to statutory tolling.

AEDPA's one-year statute of limitations can be equitably tolled if the petitioner proves that (1) he pursued his rights diligently and (2) was prevented from filing on time by some extraordinary circumstance. *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Budau does not allege he took any action to pursue this claim; nor does he

3

allege extraordinary circumstances precluding him from filing the instant petition timely. Since the record does not provide any evidence to consider equitable tolling, Budau's first habeas claim is time- barred. The Director is thus entitled to summary judgment on this claim.

**2.      Budau's Second Habeas Claim**

Budau claims that he was denied his liberty interest and right to due process when the state failed to exert due diligence in executing his pre-revocation warrant. Here, Budau could have discovered the factual predicate of this claim on July 6, 2008—the date the pre-revocation warrant was executed. *See Branigan v. Dretke*, No. 3-04-CV-1256-M, 2004 WL 2255075, at *2 (N.D. Tex. Oct. 6, 2004). Thus, Budau had until July 6, 2009 to file his federal habeas petition. Since Budau waited until August 25, 2010 to file the instant federal petition, his claim is time-barred absent statutory or equitable tolling.

Regarding statutory tolling, the analysis is similar to Budau's first claim. Budau could have tolled the limitations period by properly filing a state habeas petition between July 6, 2008 and July 6, 2009. *See* 28 U.S.C. § 2244(d)(2). Here, Budau did not begin to file state habeas petitions until October 16, 2009. Thus, Budau's second claim is not entitled to statutory tolling.

Analysis under Budau's second claim also mirrors his first claim with regard to equitable tolling. Specifically, Budau has not provided any evidence that he was prevented from timely filing the instant petition because of an extraordinary circumstance. *See Holland*, 130 S. Ct. at 2562. Thus, Budau's second habeas claim is not entitled to equitable tolling. Budau's second claim is time-barred and the Director is thus entitled to summary judgment on this claim.

**Conclusion**

For the reasons discussed above, the court recommends that Rick Thaler's motion for summary judgment be granted and petitioner's application for writ of habeas corpus be denied.[11]

The court further finds that petitioner has not made a substantial showing that he was denied a constitutional right or that it is debatable whether this court is correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Therefore, the court recommends that a certificate of appealability not issue.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. Failure to file timely objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See* Fed. R. Civ. P. 72

Signed at Houston, Texas on January 24, 2011.

Stephen Wm Smith
United States Magistrate Judge

---

[11] The court also recommends that petitioner's motion for appointment of counsel (Dkt. 8), motion to stop time extension, for release, and compensation (Dkt. 18), and motion of facts (Dkt. 19) be denied as moot.